## SLAYTON *vs.* RUSSELL.

1. Possession acquired under a writ of possession, that has been super-seded or suspended by an order of the Court from which it issued, is wrongful, and the person from whom such possession has been thus ac-quired, can have the same restored by possessory warrant.

*Certiorari,* in Fayette Superior Court.    Decision by Judge Bull, September Term, 1859.

This was a *certiorari,* sued out by Usebius Slayton against William J. Russell, to correct a judgment rendered by two Justices of the Peace in a proceeding by possessory warrant before them, instituted by Russell against Slayton, for the restoration to Russell's possession of thirty-five or forty barrels of corn.

On the trial of the possessory warrant before the Justices, Russell proved that he planted the corn on lot No. 120, in the 7th district of said county, and cultivated it to maturity, and said corn was standing in the field in December, 1858, when Slayton entered and gathered and took possession of said corn.    Russell further proved that he had been in possession of the land from about 1854 or 1855, up to the time of said entry by Slayton.

Slayton proved that he was put into possession of said premises by the deputy sheriff of said county, on the 17th day of September, 1858, under and by virtue of a writ of *habere facias possessionem,* issued from the Superior Court of said county in an ejectment cause, at the suit of Slayton against Russell, in which he had recovered said premises by the verdict of the jury and judgment of that Court.    That Russell did not reside or live on the land, but cultivated a field on the lot.

Russell, in reply, offered in evidence a rule *nisi* issued from said Superior Court, at September Term, 1858, calling on Slayton to shew cause why the judgment in said ejectment should not be set aside.    Slayton objected to the introduction of this evidence, on the ground that said rule did not appear upon the motion docket of said Superior Court, and that its introduction involved the question, whether the sheriff had violated the order contained in said rule, and which question could not be determined by the Justices.

Slayton *vs.* Russell.

The objection was overruled, and the rule *nisi* admitted and read in evidence. Russell then proved that said rule was made out in the forenoon of the 17th September, 1858, and served on Slayton's counsel about 6 o'clock, P. M., of the same day. Said rule contained an order restraining the sheriff and all others from executing the writ of *habere facias possessionem* until the further order of the Court.

It further appeared on the trial, that the deputy sheriff put Slayton into possession of the premises about dark on the 17th September; that he had no notice of the rule *nisi*. Russell further offered in evidence an affidavit of illegality to said writ, to the reading of which Slayton objected, on the ground, that the facts therein stated involved the validity of the judgments both of the Superior and Supreme Courts, and said Justices had no jurisdiction of this question. The objection was overruled, and the affidavit allowed to be read in evidence. Russell further proved that said affidavit was handed to one of the deputy sheriffs, who had the writ of possession in his hands, on the evening of the 16th September, and that he offered to said deputy, at the time, a mule or any other property that he would take to levy on; that no levy was made, and the writ was withdrawn from the hands of the deputy by the agent of Slayton.

Upon this evidence the Justices determined that the right of 'possession was in Russell, and gave judgment accordingly. To all of which rulings, decisions and judgment Slayton excepted, and alleged the same to be error, and sued out *certiorari* to correct and recover the same.

On the hearing before the presiding Judge of the Superior Court, he ordered the *certiorari* to be dismissed, and that the judgment of the Justices be executed—to which the counsel for Slayton excepted.

HUIE and CONNER, for plaintiff in error.

TIDWELL and WOOTEN, *contra.*

*By the Court.*—LYON, J., delivering the opinion.

The right of the plaintiff in error to the possession of the corn in controversy depended entirely on the vitality of the writ of *habere facias possessionem,* under which the deputy

sheriff, William A. Crumby, acted in putting him in possession thereof. That writ had been superseded and suspended by an order of the Superior Court of Fayette county before the deputy sheriff had placed the plaintiff in error in the possession. The writ was, therefore, inoperative, and the possession acquired under it wrongful and tortious, whether the plaintiff in error had notice of the order or not. But there is abundant evidence in the record, that if Slayton himself did not have notice of the order, his agent and attorney did, and by which he is bound. The tenant, Russell, who made the corn, and who had thus been deprived of his property, had the right to rescue the possession of which he had been illegally ousted. The judgments of the Courts below, in so holding, must be affirmed.